**INSTRUCTION NO. 1**

**WAYMOUTH FARMS V. RAISIN VALLEY      05CV1505   (JNE/SRN)**

**COURT'S INSTRUCTIONS TO THE JURY**


Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION NO. 3**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**INSTRUCTION NO. 4**

The evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**INSTRUCTION NO. 5**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**INSTRUCTION NO. 6**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 7

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

## INSTRUCTION NO. 8

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**INSTRUCTION NO. 9**

Waymouth Farms and the defendant entered into contracts for the purchase and sale of raisins.

Waymouth Farms claims that the defendant breached these contracts by failing to deliver the quantity of raisins as agreed under the contracts, and by failing to deliver the quality of raisins as agreed under the contracts.  I instruct you that in a commercial contract, "quality" includes express contractual requirements as well as the quality that would be expected in order to make the product suitable for the purposes intended under the contract.

Waymouth Farms also claims that the defendant's breach of these contracts caused harm to Waymouth Farms for which the defendant should pay.

The defendant denies it breached these contracts.  The defendant also claims Waymouth Farms breached these contracts by failing to pay as required by the contracts.   The defendant claims Waymouth Farms' failure to pay (1) excused the defendant from any further requirements to sell raisins to Waymouth Farms and justified the defendant from withholding delivery of raisins and (2) caused harm to the defendant for which Waymouth Farms should pay.

**INSTRUCTION NO. 10**

To recover damages from the defendant for breach of contract, Waymouth Farms must prove all of the following:

1. That Waymouth Farms did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing those things;

2. That the defendant failed to do something that the contract required it to do; and

3. That Waymouth Farms was harmed by that failure.

Likewise, to recover damages from Waymouth Farms for breach of contract, the defendant must prove all of the following:

1. That the defendant did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing those things;

2. That Waymouth Farms failed to do something that the contract required it to do; and

3. That the defendant was harmed by that failure.

**INSTRUCTION NO. 11**

A breach of contract may be total or partial.  If the breach is total, the injured party has the right to terminate the contract.  If the breach is partial, there is no right to terminate.

If a breach is material, it is a total breach. If a breach is not material, it is a partial breach.

Materiality depends upon the importance or seriousness of the breach, and the probability of the injured party obtaining substantial performance.

Any breach of contract, whether total or partial, causing measurable injury, gives rise to a claim for damages.

**INSTRUCTION NO. 12**

Unless otherwise agreed, the term F.O.B. (Free on Board) at a named place, is a delivery term.   When the term is F.O.B. the place of shipment, the seller must at that place make the good available to a carrier, execute any necessary paperwork to ensure the buyer can obtain possession of the goods, and notify the buyer of the shipment.   The buyer must give any necessary instructions for making delivery.

## INSTRUCTION NO. 13

If raisins delivered by the defendant did not conform to the requirements of the contracts and if Waymouth Farms notified the defendant of the nonconformity, Waymouth Farms may recover damages for the nonconformity, that is, the loss resulting in the ordinary course of events from the defendant's breach as determined in any manner that is reasonable.

The measure of damages for the breach would be the difference between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

In a proper case any incidental and consequential damages also may be recovered.

## INSTRUCTION NO. 14

A buyer is required to notify the seller that a product does not have the expected quality within a reasonable time after it discovers or should have discovered this.  A reasonable time depends on the circumstances of the case.  In determining whether notice was given within a reasonable time, you must apply a more relaxed standard to a retail consumer than you would to a merchant buyer.  A buyer notifies a seller by taking such steps as may be reasonably required to inform the seller regardless of whether the seller actually receives the notice.

The burden is on the buyer to establish any breach with respect to the goods accepted.

**INSTRUCTION NO. 15**

If the raisins did not conform to contract specifications, Waymouth Farms had the opportunity to demand, in writing, adequate assurances from the defendant that future shipments would conform to the contract specifications.  If Waymouth Farms did demand these assurances, and if the defendant did not respond within thirty days, the defendant repudiated the contract, thus entitling Waymouth Farms to seek and purchase replacement raisins.

What constitutes adequate assurance of due performance is subject to a factual determination.  But where a buyer can make use of a defective delivery, a mere promise by a seller of good repute that he is giving the matter his attention and that the defect will not be repeated is normally sufficient.

If Waymouth Farms failed to pay for raisins received, the defendant had the opportunity to demand, in writing, adequate assurances from Waymouth Farms that payment for past shipments was forthcoming and payment for future shipments would be timely.  If the defendant did demand these assurances, and if Waymouth Farms did not respond within thirty days, Waymouth Farms repudiated the contract, thus entitling the defendant to damages for unpaid shipments.

A seller needs protection not merely against having to deliver on credit to a shaky buyer, but also against having to deliver the goods, perhaps turning down other customers.  Once the seller has been given reason to believe that the buyer's performance has become uncertain, it is an undue hardship to force him to continue his own performance.

## INSTRUCTION NO. 16

Even if the defendant breached a contract by delivering nonconforming raisins Waymouth Farms had no right to cover by purchasing raisins from another source.

**INSTRUCTION NO. 17**

If Waymouth Farms refused to make payments under a contract, and if this constituted a total breach of that contract with the defendant, then the defendant (1) was excused from making additional deliveries under that contract and (2) may recover damages for breach of that contract.

## INSTRUCTION NO. 18

If the defendant was not excused from making additional deliveries under a contract and then failed to make deliveries under that contract, Waymouth Farms may recover damages for non-delivery.

If that is the case, Waymouth Farms may "cover" by making in good faith and without unreasonable delay any reasonable purchase of or contract to purchase raisins in substitution for those due from the defendant.  Waymouth Farms may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages, but less expenses saved in consequence of the seller's breach.

Failure of the buyer to effect cover does not bar him from any other remedy.

**INSTRUCTION NO. 19**

If you decide that Waymouth Farms has proved its claim against the defendant for breach of contract, you also must decide how much money will reasonably compensate Waymouth Farms for the damages caused by the breach.  Likewise, if you decide that the defendant has proved its claim against Waymouth Farms for breach of contract, you  must decide how much money will reasonably compensate the defendant for the damages caused by the breach.

An award of damages, if any, should put an injured party in the position it would have been in, if the contract had not been breached by the other party.

**INSTRUCTION NO. 20**

Incidental damages resulting from a seller's breach of contract include any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

Consequential damages resulting from a seller's breach of contract include any loss resulting from the requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise, as well as any injury to person or property proximately resulting from any breach of warranty.

**INSTRUCTION NO. 21**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**INSTRUCTION NO. 22**

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room. [*Read special verdict form.*]

You will note that many of the questions in the special verdict form call for a "Yes" or "No" answer. You will also note from the wording of the questions that you will not need to answer some questions unless you answer other questions a particular way. Finally, you will note that certain questions do not require a "Yes" or "No" answer, but require you to fill in a dollar amount. Your answers to all of these questions must be the unanimous answer of the jury. After you have completed answering the questions, the foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

## INSTRUCTION NO. 23

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**INSTRUCTION NO. 24**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.